UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GOPAL MBA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-879 RLW |
| | ) | |
| SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Gopal Mba's Motion for Additional Time to Serve Defendant Perez Davis. (ECF No. 12). Defendant Swift Transportation Company of Arizona, LLC ("Swift") opposes the motion. For the reasons that follow, the Court denies Plaintiff's Motion for Additional Time to Serve Defendant Davis. The Court will also grant Swift's Motion to Compel Arbitration and Stay Proceedings, which Plaintiff does not oppose. (ECF No. 8).

On June 9, 2023, Plaintiff filed a petition against Swift Transportation Company of Arizona, LLC and Perez Davis in state court. On July 13, 2023, Swift removed the cause of action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. At the time of removal, there was no evidence in the record that Defendant Davis had been served. On October 16, 2023, the Court issued an order directing Plaintiff to promptly serve Defendant Davis, and file proof of such service by November 6, 2023. (ECF No. 11). The order specifically provided that "[f]ailure to comply with Rule 4(m) and this Order will result in the dismissal without prejudice of the claims against Defendant Perez Davis" (Id.).

Plaintiff did not obtain service on Defendant Davis, but rather he filed a motion for extension of time to serve Defendant Davis, the motion at bar. In his motion, Plaintiff states, "At the time of filing, Plaintiff held service on Defendant Perez Davis due to insufficient information. Our investigation is ongoing, and we have not been able to serve Defendant Perez Davis." (ECF No. 12 at 1). No other specifics are provided.

Pursuant to Fed. R. Civ. P. 4(m), "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court may extend the time for service for an appropriate time period for good cause shown. Id. "In determining whether good cause exists, the district court must focus primarily 'on the plaintiff's reasons for not complying with the time limit in the first place.'" Kurka v. Iowa Cnty., Iowa, 628 F.3d 953, 958 (8th Cir. 2010) (quoting Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997)).

It has been 123 days since this case was removed to this Court, and 157 days since Plaintiff filed his Petition. In moving for an extension of the service deadline, Plaintiff has neither articulated what efforts he has made to obtain service up to this point, nor explained what additional information he needs to locate and serve Defendant Davis. In short, Plaintiff has failed to show that he has attempted service in good faith, and that there is a reasonable basis for his noncompliance with the service deadline. Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996). Therefore, the Court finds Plaintiff has failed to show good cause to extend the service deadline of Fed. R. Civ. P. 4(m), and Plaintiff's motion is denied. Id. Having failed to obtain proper service on Defendant Davis as Plaintiff was ordered to do, the Court dismisses Plaintiff's claims against this defendant without prejudice.

Also before the Court is Swift's Moton to Compel Arbitration and Stay Proceedings. (ECF No. 8).  In his response to Swift's Motion, Plaintiff states that he does not oppose Swift's motion to compel arbitration and requests the Court enter an Order granting the Motion.  The motion being unopposed and with consent, the Court grants Swift's Motion to Compel Arbitration and stay these proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Gopal Mba's Motion for Extension of Time to Serve Defendant Perez Davis is **DENIED.**   [ECF No. 12]

**IT IS FURTHER ORDERED** that Plaintiff Gopal Mba's claims against Defendant Perez Davis are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant Swift Transportation Company of Arizona, LLC's Motion to Compel Arbitration and Stay Proceedings is **GRANTED.**   This matter is **STAYED** pending arbitration.   [ECF No. 8]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall administratively close this cause of action for statistical purposes only, subject to reopening upon notice by the parties upon the conclusion of the arbitration proceedings.

An appropriate Order of Partial Dismissal will accompany this Memorandum and Order.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   14th   day of November, 2023.